**Curtis Vane MOORE, Petitioner–Appellant,**

v.

**Glynn BOOHER, Warden, Respondent–Appellee.**

No. 01–6123.

United States Court of Appeals, Tenth Circuit.

Dec. 20, 2001.

Curtis V. Moore, pro se, Boley, OK, for Petitioner–Appellant.

Kellye G. Bates, Oklahoma Attorney General, Oklahoma City, OK, for Respondent–Appellee.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Curtis Vane Moore, a state prisoner in the custody of the Oklahoma Department of Corrections proceeding pro se, seeks to appeal the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We agree with the district court that Mr. Moore's habeas petition is duplicitous. As a result, we conclude that he is not entitled to a certificate of appealability.

In order to receive a certificate of appealability, Mr. Moore must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues that he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The record indicates that Mr. Moore was convicted of possession of a controlled and dangerous substance and possession of drug paraphernalia in Oklahoma County District Court (case no. CF–94–2362). Initially, he received a suspended sentence. However, the state sought to revoke the suspended sentence after Mr. Moore failed to comply with certain conditions. The Oklahoma County District Court then sentenced him to five years' imprisonment. In the instant habeas action, Mr. Moore alleges that his sentence violated his right to be free from double jeopardy.

The magistrate judge recommended dismissal of Mr. Moore's habeas petition. He reasoned that "the uncontested evidence is that Petitioner has discharged his sentence in Case No. CF–94–2362." Rec. doc. 12 at 5 (Report and Recommendation, filed March 22, 2001). Thus, Mr. Moore was not "in custody" within the meaning of the habeas statute, and the federal district court lacked subject matter jurisdiction.

The district court agreed with the magistrate judge that Mr. Moore's petition should be dismissed. The court noted that, in his objection to the magistrate's report and recommendation, Mr. Moore claimed that he was actually challenging

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the sentence imposed on a 1996 conviction, arguing that the 1994 conviction improperly enhanced the 1996 sentence. The district court explained that Mr. Moore has challenged the 1996 sentence in another habeas action pending in the Western District of Oklahoma, Moore v. Booher, CIV-01, 152-A.[1] "As such, [Mr. Moore has admitted that] he has filed duplicitous habeas petitions." Rec. doc. 14 at 1 (District Court Order, filed Apr. 5, 2001).

We agree with the district court's reasoning. In his appellate brief, Mr. Moore has failed to explain why his petition in the instant case is not duplicitous.

Accordingly, we GRANT Mr. Moore's application to proceed in forma pauperis, DENY Mr. Moore's application for a certificate of appealability, and DISMISS this appeal.

---

1. In a separate order, the district court dismissed Mr. Moore's habeas action challenging the 1996 sentence. Mr. Moore has also appealed that decision, and it is addressed by this court in a separate order and judgment (case no. 01–6230).